**PURCELL, RIES, SHANNON, MULCAHY & O'NEILL**
One Pluckemin Way
P.O. Box 754
Bedminster, New Jersey 07921
T:    (908) 658-3800
F:    (908) 658-4659
Eflanagan@prsmo.com
Klyons@prsmo.com
Attorneys for Fidelity National Title Insurance Company
Our File No: (644) 19764 – ECF
Elizabeth C. Flanagan (ECF4020)
Katherine Lyons (KL4787)

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| TARRAGON CORPORATION, et. al. | Hon. Donald H. Steckroth, U.S.B.J. |
| Debtors-in-Possession | Case No.: 09-10555 (DHS)<br>(Jointly Administered) |
| TARRAGON DEVELOPMENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BROWN'S FARM, CHRIS PARDUE, JOHN DOES I THROUGH X and FIDELITY NATIONAL TITLE INSURANCE COMPANY,<br><br>Defendants. | Adv. Pro. No.: 09-01867 (DHS)<br><br>**DEFENDANT FIDELITY NATIONAL INSURANCE COMPANY'S ANSWER TO COMPLAINT, ANSWER TO CROSSCLAIM, SEPARATE DEFENSES COUNTERCLAIM AND CROSSCLAIM** |

Defendant, Fidelity National Title Insurance Company ("Fidelity"), through its attorneys and in answer to the complaint and crossclaim alleges and says:

## ANSWER TO COMPLAINT

### INTRODUCTION

1. Fidelity admits that it is the escrow agent and currently holds a $375,000 deposit and a $250,000 promissory note. It lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 1.

### JURISDICTION AND VENUE

2-4. Fidelity admits the allegations contained in paragraphs 2-4.

### PROCEDURAL HISTORY AND PARTIES

5-10. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5-10.

11. Fidelity denies the allegations contained in paragraph 11 except to state that it is a corporation with an office at 1 Park Avenue, Suite 1402, New York, New York.

### FACTUAL BACKGROUND

12-14. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12-14.

15. Fidelity admits that Tarragon Development placed $250,000 in cash and a $250,000 promissory note with Fidelity.

16. Fidelity admits that Tarragon Development placed $125,000 cash with Fidelity as escrow agent. It is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 16.

17-25. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 17-25.

26. Fidelity admits that Tarragon Development demanded the return of the deposit from Fidelity. It is without knowledge or information sufficient to form a belief as the truth of the remainder of the allegations contained in paragraph 26.

27. Fidelity admits the allegations contained in paragraph 27 to the extent such allegations relate to it and states that it will distribute the deposit, fees and promissory note as directed by the Court.

## COUNT I
### (Breach of Contract – Sellers)

28-30. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 28-30.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing – Sellers)

31. Fidelity repeats and incorporates its responses to the allegations in the preceding paragraphs.

32-34. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 32-34.

## COUNT III
### (Declaratory Judgment – All Defendants)

35. Fidelity repeats and incorporates its responses to the allegations in the preceding paragraphs.

36-38. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 36-38.

**WHEREFORE** defendant Fidelity demands judgment in its favor and against Tarragon Development:

1)    for a court order dismissing the complaint;

2)    directing Fidelity as to the distribution of the cash and promissory note held in escrow; and

3)    for attorneys fees and costs.

## ANSWER TO CROSSCLAIM

Defendant Fidelity, through its attorneys and in answer to the crossclaim filed by defendants Brown's Farm and Pardue, generally states that it currently holds, as escrow agent, the deposit and fees and promissory note which relate to the dispute between plaintiff Tarragon Development and defendants Brown's Farm and Pardue. It will release and distribute the sums held in escrow and the promissory note as directed by this Court.

## JURISDICTION AND VENUE

1-3.    Fidelity admits the allegations contained in paragraphs 1-3.

## THE PARTIES

4-8.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 4-8.

## FACTUAL BACKGROUND

9-11.    Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 9-11.

12.    Fidelity admits that it received $100,000 from Purchaser, as escrow agent, and it is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 12.

13. Fidelity admits that it received $150,000 and a $250,000 promissory note from Purchaser, as escrow agent, and it is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 13.

14. Fidelity admits that it received $25,000 and $100,000 cash deposits from Purchaser on or about the dates stated and it is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph 14.

15. Fidelity admits the allegations contained in paragraph 15.

16. Fidelity neither admits nor denies the allegations contained in paragraph 16 but refers to the Agreement referenced therein for its exact content.

17. Fidelity neither admits nor denies the allegations contained in paragraph 17 but refers to the Agreement referenced therein for its exact content.

18. Fidelity neither admits nor denies the allegations contained in paragraph 18 but refers to the Agreement referenced therein for its exact content.

19-24. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 19-24.

25. Fidelity admits the allegations contained in paragraph 25.

## COUNT I
### (Breach of Contract – Tarragon)

26. Fidelity repeats and incorporates its responses to the allegations in the preceding paragraphs.

27-28. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 27-28.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing – Tarragon)

29. Fidelity repeats and incorporates its responses to the allegations in the preceding paragraphs.

30-32. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 30-32.

## COUNT III
### (Declaratory Judgment – Tarragon and Fidelity)

33. Fidelity repeats and incorporates its responses to the allegations in the preceding paragraphs.

34-36. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 34-36.

37. Fidelity admits the allegations contained in paragraph 37.

38. Fidelity is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

**WHEREFORE** defendant Fidelity demands judgment in its favor and against co-defendants Brown's Farm and Chris Pardue:

1) dismissing the Crossclaim;

2) directing Fidelity as to the distribution of the cash and promissory note held in escrow; and

3) for attorneys fees and costs.

### SEPARATE DEFENSES TO COMPLAINT AND CROSSCLAIM

### FIRST AFFIRMATIVE DEFENSE

The complaint and crossclaim fail to set forth a claim against Fidelity upon which relief can be granted.

6

### SECOND AFFIRMATIVE DEFENSE

The complaint and crossclaim are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's and co-defendants' damages, if any, were caused by third persons over whom Fidelity had no control.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff and co-defendants have failed to mitigate their damages.

### FIFTH AFFIRMATIVE DEFENSE

The complaint and crossclaim are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The complaint and crossclaim are barred by the doctrines of legal and equitable estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

The complaint and crossclaim are barred by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's and co-defendants' damages, if any, should be diminished or barred by whatever sums the plaintiff and co-defendants have received from collateral sources.

### NINTH AFFIRMATIVE DEFENSE

Defendant Fidelity did not breach any contractual agreements.

### COUNTERCLAIM AND CROSSCLAIM FOR CONTRIBUTION

Fidelity is entitled to contribution pursuant to any applicable contracts or agreements between and among the parties.

## COUNTERCLAIM
## AND
## CROSSCLAIM FOR INDEMNIFICATION

The answering defendant Fidelity denies any liability whatsoever. Nevertheless, Fidelity asserts that any and all injuries and damages alleged by the plaintiff and its co-defendants were the proximate result of the negligence, breach of warranty, breach of contract, strict liability and/or other liability-producing conduct of the plaintiff and co-defendants, which conduct was primary and active, and if Fidelity is found liable with respect to plaintiff's or its co-defendants' alleged injuries and damages, such liability is solely secondary, imputed, and vicarious, and the plaintiff and co-defendants are liable in indemnity.

## COUNTERCLAIM
## AND
## CROSSCLAIM FOR ATTORNEYS FEES

1. Pursuant to paragraph 21 of the Purchase Agreement attached as Exhibit A to the complaint, Fidelity was given the right to interplead the earnest money and first extension fee into the registry of any court of competent jurisdiction.

2. Fidelity was named a party to this action prior to its filing of an interpleader action.

3. Fidelity holds a $250,000 promissory note in addition to the cash held in escrow.

4. Fidelity will either deposit or distribute the fees and promissory note held in escrow as directed by the Court.

5. Pursuant to Paragraph 21, Fidelity is entitled to reasonable costs and expenses, including attorneys' fees.

6. Upon receipt of direction from the Court, Fidelity will submit an application for reimbursement of reasonable costs and expenses, including attorneys' fees.

**WHEREFORE,** Fidelity seeks judgment in its favor and against plaintiff Tarragon and co-defendants Browns' Farm and Pardue:

1)  dismissing the complaint and crossclaim filed against it; and

2)  reimbursing Fidelity for reasonable costs and expenses, including reasonable attorneys' fees.

                Respectfully submitted,

                PURCELL, RIES, SHANNON,
                MULCAHY & O'NEILL
                **Attorneys for Defendant, Fidelity National Title Insurance Company**

                By:  /s/ Katherine Lyons
                    Katherine Lyons (KL4787)
                    One Pluckemin Way
                    P.O. Box 754
                    Bedminster, NJ  07921
                    T:  (908) 658-3800
                    Klyons@prsmo.com

DATED:  November 19, 2009